IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICHOLAS D. GOOSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-12-1202-M |
| v. | ) | |
| | ) | |
| ANITA TRAMMELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner originally filed the Petition in the United States District Court for the Eastern District of Oklahoma on October 26, 2012, and the action was subsequently transferred to this Court. (Docs. # 6, 7). Petitioner is challenging the convictions for Murder in the First Degree and Robbery with Firearms entered against him pursuant to a guilty plea in the District Court of Oklahoma County, Case No. CF-93-6491.

Respondent has moved to dismiss the Petition on the basis that it is time-barred.[1] Petitioner has responded to the Motion. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the

---

[1] Respondent alternatively asserts that the Petition should be dismissed because Petitioner has not exhausted state court remedies concerning the grounds raised in the Petition. However, because the limitations issue is dispositive, the issue of exhaustion has not been addressed.

1

following reasons, it is recommended that the Petition be dismissed as barred by 28 U.S.C. § 2244(d)(1).

According to Petitioner and the docket sheet in his state court criminal proceeding, Petitioner was arrested for the murder and robbery of a female victim on October 18, 1993. Petitioner's Brief in Support of Petition, at 37 (Petitioner's page number 36). Petitioner and his co-defendants, Mr. Noah Hill and Mr. Shannon Goosby, were charged in the District Court of Oklahoma County with the offense of Murder in the First Degree.[2] Petitioner and Mr. Hill were charged with the additional offense of Robbery with Firearms. Petitioner was represented in the criminal proceeding by Mr. Irvin Box. Brief in Support of Petition, Ex. 2 (Judgment and Sentence, State of Oklahoma v. Nicholas Daniel Goosby, Case No. CF-93-6491).

Petitioner appeared in court on November 20, 1995, and entered a guilty plea to the offenses. His co-defendant, Mr. Noah Hill, entered a guilty plea on the same date. Brief in Support of Motion to Dismiss, Ex. 1, at 16. Petitioner was sentenced to a term of imprisonment of life without parole for the murder conviction and to a consecutive 15-year

---

[2]The docket sheet in the criminal case reflects that an initial information was filed October 22, 1993, an amended information in the case was filed on August 22, 1994, a second amended information in the case was filed on August 30, 1994, and a third amended information was filed on September 15, 1995. Brief in Support of Motion to Dismiss, Ex. 1. Petitioner's contention that he was never formally charged with the offenses apparently stems from the initial information filed in the case which probably did not name Petitioner as a co-defendant because of his juvenile status. However, the docket sheet in the case reflects that an amended information was filed in the case on August 22, 1994, in order to add a new defendant. Id. at 9. Petitioner was arraigned on the charges in the district court on August 30, 1994. Id. Thus, it is assumed that the amended information set forth the charges against Petitioner after his motion to be certified as a juvenile was overruled by the court.

term of imprisonment for the armed robbery conviction. Brief in Support of Petition, Ex. 2 (Judgment and Sentence).

Petitioner did not appeal the convictions or seek post-conviction relief. In the instant Petition, he asserts five grounds for habeas relief: (1) he is innocent of the first degree murder charge; (2) the convictions are void because he was never formally charged with the offenses; (3) the convictions are invalid due to "[p]ervasive judicial and actual bias demonstrated by presiding tribunal;" (4) the prosecutor abused the process by prosecuting Petitioner without filing formal charges against him, and (5) Petitioner was denied effective assistance of counsel because his defense attorney "entirely failed to subject [the] prosecution's case to meaningful adversarial testing," he "let Petitioner plead guilty to a void murder charge that he was innocent of [sic]," and he "let Petitioner be convicted and prosecuted for charges he was never formally charged with [sic]." Petition, at 5-9.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). The instant Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after AEDPA's effective date).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner did not appeal his convictions in Case No. CF-93-6491, and his convictions consequently became "final"

3

pursuant to 28 U.S.C. § 2244(d)(1)(A) ten days after the pronouncement of the judgment and sentence, which according to the docket sheet maintained by the Oklahoma County District Court was November 27, 1995. Brief in Support of Motion to Dismiss, Ex. 1. See Okla. Stat. tit. 22, § 1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. Because the convictions Petitioner is challenging became "final" before the effective date of the AEDPA, the limitations period began running on AEDPA's effective date, April 24, 1996, giving Petitioner one year from that date, absent tolling, or until April 24, 1997, to timely file his federal habeas petition. Carey v. Saffold, 536 U.S. 214, 217 (2002); Hoggro v. Boone, 150 F.3d 1223, 1225-1226 (10th Cir. 1998).

Petitioner filed the instant Petition challenging his convictions in Case No. CF-93-6491 on October 26, 2012.[3] Absent grounds for tolling the limitations period, the limitations period expired on April 24, 1997, and the Petition is time-barred under 28 U.S.C. §2244(d)(1). Petitioner did not file an application for post-conviction relief in the state courts. Therefore, no statutory tolling period may be applied to extend the limitations period. See 28 U.S.C. § 2244(d)(2)(providing one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending").

The § 2244(d)(1) limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141

---

[3]It would make no difference to the resolution herein whether Petitioner submitted his Petition to prison officials on an earlier date. Thus, this issue has not been addressed.

F.3d 976, 978 (10th Cir. 1998)(one-year limitation period may be subject to equitable tolling in rare and extraordinary circumstances "be subject to equitable tolling").  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978.  Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

In response to Respondent's Motion to Dismiss, Petitioner asserts that he is actually innocent of the first degree murder conviction.  "A claim of actual innocence may toll the AEDPA statute of limitations." Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007). "Actual innocence means factual innocence." Id. at 1233 (internal quotations and citation omitted).  "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-

537 (2006)(internal quotations omitted).

The convictions Petitioner is challenging were entered pursuant to his guilty plea, and Petitioner admits that he accepted a negotiated plea agreement that was initially offered to him and his co-defendant, Mr. Hill, in June 1995. Brief in Support of Petition, at 25 (Petitioner's page number 24). Petitioner's guilty plea waives any objection to alleged constitutional violations occurring before the plea, including his claim that he was never formally charged with the offenses because he was not named in the initial charging information. Tollett v. Henderson, 411 U.S. 258, 266 (1973).

In support of his actual innocence claim, Petitioner asserts that evidence in existence before he entered his guilty plea in the form of a medical examiner's testimony at Petitioner's certification hearing[4] concerning the cause of the victim's death coupled with the confessional statements of his co-defendants showed he was innocent of the murder charge. Response, at 2; Brief in Support of Petition, at 4-6 (Petitioner's page numbers 3-5), 27. Petitioner has not presented a credible claim based on new evidence that would compel a reasonable juror to conclude he is actually innocent of the murder or armed robbery convictions.

Nor has he presented evidence of circumstances beyond his control which prevented his timely filing of a habeas petition. Petitioner contends that at his sentencing proceeding

---

[4]Petitioner alleges he was a juvenile at the time of his arrest and following a certification hearing he was ordered to stand trial as an adult. Brief in Support of Petition, at 13 (Petitioner's page number 12).

in state court he was not advised he would waive his right to appeal if he did not move to withdraw his plea within 10 days. Response, at 2.  However, Petitioner admits he was advised that he had the right to move to withdraw his plea within 10 days of sentencing. Response, at 3.  The Judgment and Sentence filed in the case reflects that Petitioner was advised of his rights to appeal. Brief in Support of Petition, Ex. 2.  Petitioner has not explained why he waited fifteen years after the limitations period expired to file his federal habeas Petition, and it is clear that Petitioner has not diligently pursued his habeas claims.

For these reasons, equitable tolling of the limitations period is not warranted, and the untimely-filed Petition should be dismissed.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 18) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred.  The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___February 25th____, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __5th__ day of __February__, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE